951 F.2d 363
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Augusto Humberto GOMEZ, Defendant-Appellant.
 No. 91-30104.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 11, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Augusto Humberto Gomez appeals his conviction and sentence, following a conditional guilty plea, for possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). Gomez contends that the district court erred by (1) denying his motion to suppress evidence seized following a search of his vehicle, and (2) denying him a downward adjustment to his offense level for being a minor or minimal participant in the offense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Gomez contends that the search of his vehicle exceeded the scope of his consent and therefore was unconstitutional. This contention lacks merit.
 
 
 4
 Although a search and seizure conducted with proper consent is permissible under the fourth amendment, Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973), the government must conform to limitations placed upon the consent to search. United States v. Rubio, 727 F.2d 786, 796 (9th Cir.1984). Whether a search exceeds the scope of consent is a factual question that must be determined on the basis of the totality of the circumstances. United States v. Sierra-Hernandez, 581 F.2d 760, 764 (9th Cir.), cert. denied, 439 U.S. 936 (1978). We will uphold the district court's finding as to the scope of consent unless it is clearly erroneous. Rubio, 727 F.2d at 797.
 
 
 5
 Here, a state police officer stopped Gomez on a highway in southern Oregon because the tires on Gomez's vehicle extended beyond its body, and Gomez had crossed the center line of the highway. The officer checked Gomez's identification and asked him to get out of the vehicle to look at the tire problem. The officer then gave Gomez a warning and told him that he was free to leave. Gomez did not get back into his vehicle, instead he remained standing beside it. The officer asked Gomez whether there were any weapons or drugs in the vehicle, to which Gomez responded "Oh, no." The officer then asked Gomez, "May I search the vehicle? May I look?" Gomez replied, "Yes, you may. You may look." After searching the front of the vehicle, the officer attempted to open the tailgate but was unable to do so; therefore Gomez opened the tailgate for him. The officer observed that the screw holding the carpeting on the interior of the tailgate had been secured with a Phillips-head screw, rather than the standard screws, and had been gnarled. The officer removed the screw and the carpeting, and discovered the cocaine.
 
 
 6
 Thus, Gomez consented to a search of the vehicle and did not object when the officer attempted to open the tailgate. Indeed, Gomez assisted the search by opening the tailgate for the officer. Gomez's failure to object to the continuation of the search under these circumstances indicates that the search was within the scope of his initial consent. See Sierra-Hernandez, 581 F.2d at 764. The district court's finding that the search did not exceed the scope of Gomez's consent is not clearly erroneous. See Rubio, 727 F.2d at 797.
 
 II
 
 7
 Gomez contends that the district court erred by denying him a downward adjustment to his offense level under Section 3B1.2 of the United States Sentencing Guidelines for being a minor or minimal participant in the offense. This contention is meritless.
 
 
 8
 Gomez argues that he should have received a minor or minimal participant reduction because his possession of cocaine was only a small part of a larger drug distribution scheme, i.e. he was merely a "mule." This court has rejected such an argument. See United States v. Zweber, 913 F.2d 705, 708-09 (9th Cir.1990). A role adjustment under section 3B1.2 is available only for a defendant's "role in the conviction offense, not in charged or uncharged collateral conduct." Id. at 709; see also United States v. Lillard, 929 F.2d 500, 503 (9th Cir.1991) (explaining Zweber and distinguishing role enhancements under section 3B1.1). Evidence of collateral conduct may be considered only to clarify, if necessary, a defendant's role in the conviction offense. Zweber, 913 F.2d at 709.
 
 
 9
 Gomez's conviction offense is possession of cocaine with intent to distribute. Because he was the only defendant involved in this offense, no clarification of his role was needed, and any evidence of a larger conspiracy is irrelevant. See id. Therefore, even if Gomez were merely a courier in a cocaine distribution conspiracy, the district court correctly rules that his role in the possession offense cannot be deemed minor or minimal under section 3B1.2. See id.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3